John Thomas **ALGER** et al.,
Plaintiffs,

v.

Stewart **WERNER**, Commissioner, Pennsylvania Bureau of Corrections, Department of Justice, Camp Hill, Pennsylvania, et al., Defendants.

Civ. No. 74–840.

United States District Court,
M. D. Pennsylvania.
Oct. 7, 1974.

John Thomas Alger, pro se.

Paul Ledsome, pro se.

Rodney Gene Wagner, pro se.

J. Andrew Smyser, Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

John Alger and Rodney Wagner are inmates at the State Correctional Institution at Rockview. Both are residents of the East Wing of the Institution and are in general population status. The East Wing consists of eight tiers. Six of those tiers house general-population residents. One tier houses pre-trial detainees and holdover prisoners. Tier B contains the euphemistic Behavior Adjustment Unit as well as the Administrative Custody areas. According to the Administrative Directive, BC–ADM 801 entitled "Adjustment of Behavior" and issued by the Department of Justice of the Commonwealth of Pennsylvania, "Administrative Custody" is for residents requiring closer supervision or protection than is provided in the general population. The "Behavior Adjustment Unit" is for residents found to have committed major acts of misconduct or for residents who require close custody in order to assure the protection of themselves and others. Alger and Wagner assert that the individuals incarcerated in the Behavior Adjustment Unit and the Administrative Custody areas harass and disturb inmates in the general population who are also incarcerated in the East Wing. Alger and Wagner contend that this harassment is so severe as to deprive the general population residents of adequate sleep. It is their contention that the Defendants' failure to curtail the disturbances or to take measures to separate the general population from the inmates subject to disciplinary measures violates their constitutional right to be free from cruel and unusual punishments.

The Defendants have filed a motion to dismiss contending that the complaint fails to state a claim upon which relief can be granted. On January 10, 1975, the Court directed the Defendants to conduct an administrative inquiry into the circumstances which form the basis of the petition. The Response to that Order was filed on February 14, 1975. On February 21, 1975, Alger and Wagner filed a "Motion for Copy of Investigation". After allowing 15 days for a response by the Defendants, the Court ascertained that the Commonwealth did not oppose that motion and, on March 11, 1975, the Court ordered Defendants to provide within 10 days copies to Alger and Wagner of the Response to the Court's Order of February 14, 1975. The court has allowed the Plaintiffs sufficient time to respond to the matters contained in the Administrative Investigation Response. The matter is now ripe for decision.

This petition states a ground for relief which has not as yet been specifically considered by any other federal court. As stated in our Order of January 10, 1975, for this situation to rise to the extreme status of cruel and unusual punishment, the Plaintiffs would have to demonstrate that the deprivation of sleep is detrimental to their health and that the Defendants have taken no action to counteract the disturbance. Cf. Gittlemacker v. Prasse, 428 F.2d 1, (3d Cir. 1970) and Sostre v. McGinnis, 442 F.2d 178, 185 (2d Cir. 1971). This the Court does not find. Defendants do not deny the existence of the situation described by Alger and Wagner. But it is apparent from their unrebutted Administrative Response that they have not been oblivious to the matters raised by this petition. Steps have been taken in an attempt to alleviate the severity of the disturbances caused by inmates in the special behavioral sections. The Court does not find that the failure of these measures to eliminate the problem amounts to cruel and unusual punishment being perpetrated against Alger and Wagner by the named Defendants. Despite the disturbances, the Petitioners, according to their own allegations, are nonetheless able to obtain an average of six hours sleep a night. That situation in no way approximates the pattern of unchecked violence by fellow inmates which was held to amount to cruel and unusual punishment in Holt v. Sarver, 309 F.Supp. 362 (E.D.Ark. 1970), affirmed 442 F.2d 304 (8th Cir. 1971). Nor is there an allegation of an unreasonable failure to provide security

to a particular inmate as in Penn v. Oliver, 351 F.Supp. 1292 (E.D.Va.1972). Consequently, the petition will be dismissed.

In its Order of January 10, 1975, the Court also made reference to the possibility that the housing conditions at Rockview are in contravention of the regulations promulgated in Administrative Directive BC–ADM 801, cited above. The Court finds that the conditions do not contravene the regulation set forth in Part VI entitled "Care and Treatment". Paragraph B of that section requires only that the Behavior Adjustment Unit be in a separate cellblock. It does not require that it be in a separate building, although that is recommended.

An appropriate order will be entered.